IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                   ORDER

      v.                                                  00-cr-94-bbc

JAY D. OBERG,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Jay D. Oberg's supervised release was held on January 9, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Michael J. Lieberman. Also present was United States Probation Officer Helen Raatz.

From the record I make the following findings of fact

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 22, 2001, following his conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. He was committed to

the custody of the Bureau of Prisons to serve a term of imprisonment of 64 months, with a 36-month term of supervised release to follow.

Defendant began his initial term of supervised release on October 7, 2005. Defendant's supervised release was revoked on April 26, 2007, as a consequence of his illegal drug use and his submission of someone else's urine specimen as his own. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of eight months, with a 12-month term of supervised release to follow.

Defendant began his second term of supervised release on January 18, 2008. He violated Special Condition No. 3 of his supervised release requiring him to abstain from the use of illegal drugs by using methamphetamine on November 18, 2008.

Defendant's conduct falls into the category of a Grade B violation. Section 7B1.1(a)(3) of the advisory guidelines provides that the court shall revoke supervision upon finding of a Grade B violation. 18 U.S.C. § 3583(g)(1) further requires revocation of supervised release if the court finds that the defendant possessed a controlled substance.

CONCLUSIONS

Defendant's violations require revocation. Accordingly, the 12-month term of supervised release imposed on defendant on April 26, 2007, will be revoked.

Defendant's criminal history category is III. With a Grade B violation and a criminal

history category of III, defendant has an advisory guideline range of imprisonment of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is 16 months, pursuant to 18 U.S.C. § 3583(e)(3), because the instant offense is a Class C felony, and he served an eight-month revocation sentence previously.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence toward the top of the guideline range. The intent of this sentence is to deter defendant from future criminal acts and protect the community. This sentence will also provide a drug-free, structured setting in which defendant will have the opportunity to attend substance abuse counseling, obtain his GED and undergo a psychological evaluation.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on April 26, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 12 months, with a three-month term of supervised release to follow. All conditions of supervised release originally imposed will remain in effect. I recommend that the Bureau of Prisons conduct a psychological evaluation of defendant and provide the results to the probation office in this district and that defendant be afforded the opportunity to participate in mental health treatment programs. Special Condition No. 9 will be

modified to include a placement at a federally approved residential reentry center for a period of up to 90 days, at a facility to be determined by the Bureau of Prisons. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 9th day of January, 2009.

BY THE COURT:
/s/
Barbara B. Crabb
U.S. District Judge